UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES HARRIS,

   Plaintiff,

v.

CENTRAL RECEPTION AND
ASSIGNMENT FACILITY,

   Defendants.

Civil No. 05-3343 (SRC)

**O P I N I O N**

**APPEARANCES**:

  JAMES HARRIS, #31371B, Plaintiff Pro Se
  South Woods State Prison
  215 Burlington Road South
  Bridgeton, New Jersey  08302

**CHESLER**, District Judge

  Plaintiff James Harris, a prisoner currently confined at South Woods State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account and to forward same to the Clerk of the Court, when funds exist; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having reviewed Plaintiff's allegations, the Court dismisses Plaintiff's federal claims and declines to exercise supplemental jurisdiction over claims arising under New Jersey law.

## I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights under 42 U.S.C. § 1983 arising from his incarceration at the Central Reception and Assignment Facility ("CRAF"), a New Jersey facility.  Plaintiff asserts that on March 27, 2005, he was jogging in the recreation yard at CRAF.  He alleges that he fell and broke bones in his leg when his right foot got caught in a crack in the cement.  He seeks compensatory damages for failure to provide a safe environment and appropriate after care.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be

proved consistent with the allegations." " Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6.

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the deprivation was committed by a person acting under color of state law.[1]  West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).  As the operation of a state prison satisfies the state action requirement, West, 487 U.S. at 54-7, the Court will determine whether Plaintiff has alleged the violation of a constitutional right.

A.  Eighth Amendment

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments:  they cannot be 'cruel and unusual.'"  Rhodes v. Chapman, 452 U.S. 337, 345 (1981).  The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment.  See Rhodes, 452 U.S. at 346, 347.  To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element.  See Farmer

---

[1] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

v. Brennan, 511 U.S. 825, 834 (1994).  To prevail on a failure to protect claim under the Eighth Amendment and 42 U.S.C. § 1983, an inmate must establish that (1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendant knows of and fails to respond reasonably to the risk.  See Farmer, 511 U.S. at 833, 837.

In the instant Complaint, Plaintiff complains that he fell and broke his leg because his foot got caught in a cement crack in the recreation yard while he was jogging.  Although cracks in the cement may pose a substantial risk to inmates exercising in the recreation yard, Plaintiff's Eighth Amendment claim with regard to his fall fails as a matter of law because failing to repair a crack in the cement constitutes negligence that is not actionable under § 1983.  See Daniels v. Williams, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983); see also Davidson v. Cannon, 474 U.S. 344 (1986) (holding that prison official's negligent failure to protect inmate from assault by another inmate because official "mistakenly believed that the situation was not particularly serious" does not state a claim  under § 1983).

The Court is constrained by Davidson, Daniels, and Farmer to dismiss the failure to protect claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.[2]  See Farmer, 511 U.S. at 841-5;  Davidson, 474 U.S. 344; Daniels, 474 U.S. 327.

---

[2] To the extent that the Complaint raises an Eighth Amendment denial of medical care claim, the claim is dismissed because "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

B.  State Claims

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 118 S. Ct. 2047, 2051 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726;  Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over claims arising under New Jersey law.

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis, dismisses Plaintiff's federal claims, and declines to exercise supplemental jurisdiction over his claims arising under state law.

_____s/_____
STANLEY R. CHESLER, U.S.D.J.

Dated:   September 19,  2005.